IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CEDRIC M. JONES, \*

    Plaintiff, \*

    v.     \*     3:11-CV-290-ID
                (WO)
RUSSELL COUNTY SHERIFF'S \*
DEPARTMENT, *et al.*,
                \*
    Defendants.

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Russell County Jail located in Phenix City, Alabama, challenges actions taken by law enforcement officers in initiating criminal charges against him and processing the case arising from such charges. Specifically, Plaintiff complains that proper legal procedures were not complied with following his arrest which has subjected him to false imprisonment where no evidence from either him or the alleged victim exists. Plaintiff seeks damages and his release from jail.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

*A. The False Imprisonment Claim*

To the extent Plaintiff complains that he is falsely imprisoned on a criminal charge pending before the Circuit Court for Russell County, Alabama, because he is innocent of the charge lodged against him and/or no evidence exists to warrant his continued incarceration, such claim may not proceed in this § 1983 action.

It appears from a review of the instant complaint that the criminal charge about which Plaintiff complains is presently pending before the state courts of Russell County. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the

merits of Plaintiff's challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits.");

In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

*B. The Russell County Sheriff's Department*

The Russell County Sheriff's Department is not a legal entity subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief against this defendant are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's false imprisonment claim be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's claims against the Russell County Sheriff's Department be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i); and

3. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 2, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of April 2011.

                                        /s/   Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE